# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1365V

|  |  |
|---|---|
| SUSAN KAYE ROSELLI, <br><br> Petitioner, <br> v. <br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: March 1, 2024 |

*Alan Kenneth Nicolette*, Nordstrom, Steele, et al., Tustin, CA, for Petitioner.

*Joseph Adam Lewis*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On September 9, 2019, Susan Kaye Roselli filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). In that petition, Petitioner alleged that she suffered a shoulder injury related to vaccine administration (SIRVA) resulting from adverse effects of an influenza (flu) vaccine administered on September 12, 2016, and a pneumococcal polysaccharide (PPV23 or Pneumovax 23) vaccine administered on October 7, 2016. Petition at 1. On June 22, 2020, Petitioner filed an amended petition, formally dropping the injury claim for the Pneumovax 23 vaccination. ECF No. 15.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

After concluding that the record as it currently stood does not confirm that Petitioner was ever diagnosed with or treated for GBS, I issued an order directing Petitioner to show cause why her claim should not be dismissed. Order to Show Cause, issued Sept. 5, 2023, at 5, ECF No. 31. Specifically, I stated that there was insufficient evidence to establish Petitioner's illness meets the criteria for a Table GBS, was caused-in-fact by the flu vaccine she received, or that she even suffered from GBS as alleged. *Id.*

On March 22, 2021, Respondent filed a Rule 4(c) Report indicating his opinion that this case was not appropriate for compensation under the terms of the Act. Respondent's Report at 2. Respondent found that the filed exhibits do not adequately establish onset of shoulder pain within 48 hours of vaccine administration, and that Petitioner could not satisfy the criterion that a petitioner's pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered. *Id.* 6-7. Additionally, Respondent determined that the record failed to establish by preponderant evidence that Petitioner's flu vaccination caused her shoulder pain. *Id.* at 8. Respondent subsequently filed a Motion to Dismiss on December 1, 2023. ECF No. 27.

On December 20, 2023, Petitioner moved for a decision dismissing her petition. ECF No. 32. In the motion, Petitioner acknowledged that "she will be unable to prove that she is entitled to compensation in the Vaccine Program" (*id.* at ¶ 1) and "to proceed any further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program" (*id.* at ¶ 2). Petitioner expressed her understanding that "a decision by the Special Master dismissing her Petition will result in a judgment against her . . . [and] will end all of her rights in the Vaccine Program." *Id.* at ¶ 3. She indicated that she "intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action." *Id.* at ¶ 5.

To receive compensation under the Program, Petitioner must prove that she received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine, a "non-Table claim." *See* Sections 13(a)(1)(A) and 11(c)(1). Additionally, for either a Table or non-Table claim, a petitioner must establish that she suffered the residual effects of her injury for more than six months post-vaccination, died from the administration of the vaccine, or suffered an injury which required an inpatient hospitalization and surgical intervention. Section 11(c)(1)(D). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

In this case, the record does support that onset of Petitioner's symptoms following the flu vaccination occurred within 48 hours of vaccination, and the records fails to establish preponderant evidence that the flu vaccination caused Petitioner's shoulder pain. For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's motion is GRANTED. Petitioner's claim for compensation is DENIED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**[3]

       **IT IS SO ORDERED.**

                                    **s/Brian H. Corcoran**
                                    Brian H. Corcoran
                                    Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.